UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL KIDD and MARGARITA LEMOINE,

                Plaintiffs,

   - against -

MIDLAND CREDIT MANAGEMENT, INC.,

                Defendant.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-1208 (RRM) (AKT)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiffs Michael Kidd and Margarita Lemoine bring this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against defendant Midland Credit Management, Inc. ("Midland"). Kidd and Lemoine claim that debt collection letters Midland sent them violated the FDCPA's bar against false or misleading representations by stating the "current balance" of their debts without specifying whether the debts were accruing interest or fees. *See* 15 U.S.C. § 1692e. Before the Court are the parties' cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons below, plaintiffs' motion is DENIED and defendant's motion is GRANTED.

## BACKGROUND

      Kidd and Lemoine each incurred credit card debts. (*See* Def.'s 56.1 Stmt. (Doc. No. 37-7) at ¶¶ 2, 10; Pl.'s Resp. to Def.'s 56.1 Stmt. (Doc. No. 41-1).) Midland acquired those debts. (*See* Def.'s 56.1 Stmt. at ¶¶ 3, 11; Pl.'s Resp. to Def.'s 56.1 Stmt.) On March 2, 2016, Midland sent letters to Kidd and Lemoine seeking to collect on the outstanding debts. (*See* Def.'s 56.1 Stmt. at ¶¶ 4, 12; Pl.'s Resp. to Def.'s 56.1 Stmt.) Each letter stated the "current balance" of the debt and offered discount payment options. (*See* Am. Compl. (Doc. No. 14), Ex. 1.) The letters explained that the statute of limitations on any suit to collect the debts had expired, but that Kidd

1

and Lemoine could still choose to pay. (*Id.*) The letters did not specify whether Kidd and Lemoine's debts were accruing interest or fees. (*See* Pl.'s 56.1 Stmt. at ¶¶ 21–22, 33–34; Def.'s Resp. to Def.'s 56.1 Stmt. (Doc. No. 40).)

The FDCPA bars debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. When determining if letters are "false, deceptive, or misleading," the Second Circuit applies a "least sophisticated consumer" test: letters may be misleading "if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993) (citations omitted).

In their amended complaint, Kidd and Lemoine allege that Midland's use of the word "current" to describe their balance due was misleading because it "would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static." (Am. Compl. at ¶¶ 58, 119.) By modifying the noun "balance" with the adjective "current," plaintiffs argue, the text "implies that the noun so modified only exists at present and is subject to change." (Pl.'s Opp'n to Mot. for Sum. J. (Doc. 41) at 19.)[1]

Midland maintains that Kidd and Lemoine's debts were not accruing additional interest or fees when it sent the collection letters. (Def.'s Mot. for Sum. J. (Doc. No. 37) at 13–14.) Midland relies on this fact in its motion for summary judgment, arguing that under the FDCPA it is not misleading to state the "current balance" of a static debt without clarifying that the debt is not accruing interest or fees. (*Id.* at 9.)

---

[1] Citations correspond to ECF pagination.

With its motion for summary judgment, Midland submits an affidavit from Midland Operations Manager Sean Mulcahy, who affirms that Kidd and Lemoine's debts were static when Midland sent the letters. (Mulcahy Decl. (Doc. No. 37-1).) In his sworn statement, Mulcahy says that he reviewed the Kidd and Lemoine accounts, that the accounts were not accruing interest or fees when the collection letters were sent, and that the accounts did not accrue interest or fees after the letters were sent. (*Id.* at 2–4.) Midland also submits collection letters sent to Kidd and Lemoine before the March 2, 2016, letters at issue here. (*Id.*, Ex. A–D.) These earlier collection letters support Mulcahy's claim that Kidd and Lemoine's debts were not accruing interest or fees when the letters at issue were sent. They show that Kidd's current balance remained the same between September 13, 2013, and March 2, 2016, and that Lemoine's current balance remained the same between January 20, 2016, and March 2, 2016. (*Id.*) Midland also notes that the letters report the debts as "charged off" by the original creditors prior to sale. (Def.'s Mot. for Sum. J. at 13; Mulcahy Decl. at 2–3.) In the hearing on its motion to dismiss, Midland explained that the inclusion of a "charge-off" date further supports that these debts were static because it reflects the fact that the issuing company took action "halt[ing] all interest" before the sale of the debt to Midland. (Trans. Oral Arg. re Mot. to Dismiss (Doc. No. 27) at 9.)

Kidd and Lemoine dispute that Midland has established that the debts were static, arguing that Mulcahy's affidavit is not credible. (Pl.'s Resp. to Def.'s 56.1 Stmt. at ¶¶ 6, 14.) Kidd and Lemoine point to a 2015 consent order from the Consumer Financial Protection Bureau that describes record-keeping issues at Midland and notes that Midland's parent company repeatedly submitted false affidavits in FDCPA actions. (Pl.'s Opp'n to Mot. for Sum. J. at 15–16; CFPB Order (Doc. No. 41-3).) According to Kidd and Lemoine, the consent order establishes issues

with the credibility and veracity of Mulcahy's affidavit precluding the Court from finding that the debts were static on that basis. (Pl.'s Opp'n to Mot. for Sum. J. at 7–8.) Kidd and Lemoine also cross-move for summary judgment, arguing that stating a "current balance" without clarifying whether interest and fees are accruing is misleading whether or not a debt is static. (Pl.'s Cross Mot. for Sum. J. (Doc. No. 38) at 6–7.)

**STANDARD OF REVIEW**

Summary judgment is appropriate when the pleadings, depositions, interrogatories, admissions, and affidavits demonstrate that there are no genuine issues of material fact in dispute and that one party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When determining whether a genuine issue of material fact exists, the evidence of the non-movant "is to be believed" and the court must draw all "justifiable" or "reasonable" inferences in favor of the non-moving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)); *see also Brosseau v. Haugen*, 543 U.S. 194, 195 n.1 (2004).

Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*,'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original), and "may not rely on conclusory allegations or unsubstantiated speculation," *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (citing cases). In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a

verdict in his favor." *Anderson*, 477 U.S. at 256. A party hoping to establish an issue of material fact at the summary judgment stage must offer *some* evidence controverting the moving party's evidence. *See Modern Home Inst., Inc. v. Hartford Acc. & Indem. Co.*, 513 F.2d 102, 110 (2d Cir. 1975) ("If the most that can be hoped for is the discrediting of defendants' denials at trial, no question of material fact is presented." (citations omitted)); *see also Miron v. Town of Stratford*, 976 F. Supp. 2d 120, 134 (D. Conn. 2013) ("A party opposing summary judgment cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible. At the summary judgment stage of the proceeding, Plaintiffs are required to present admissible evidence in support of their allegations; allegations alone, without evidence to back them up, are not sufficient." (quoting *Welch-Rubin v. Sandals Corp.*, No. 03-CV-0481, 2004 WL 2472280, at *1 (D. Conn. Oct. 20, 2004)). Courts routinely reject attempts by parties to raise an issue of fact on summary judgment solely by challenging the opposing party's testimony on credibility grounds. *See, e.g.*, *Tomasini v. Walt Disney Co.*, 84 F. Supp. 2d 516, 521 (S.D.N.Y. 2000) (granting summary judgment for defendants and noting that plaintiff's attacks on a key witness's credibility, absent contrary evidence, did not raise a question of material fact).

Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to [its] case." *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (quoting *Celotex*, 477 U.S. at 322) (internal quotation marks omitted) (alteration in original). Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential

to its case." *Allen v. Cuomo*, 100 F.3d 253, 258 (2d Cir. 1996) (citing *Anderson*, 477 U.S. at 247–48).

## DISCUSSION

In *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72 (2d Cir. 2016), the Second Circuit held that it was misleading for a collection letter to state the "current balance" of a debt without disclosing the fact that the debt was accruing interest and fees. The *Avila* Court reasoned that a person who sought to pay the "current balance" on a non-static debt might be misled into thinking payment of the current balance would satisfy the debt, when in fact interest and fees had accrued after the letter was sent. *See Avila*, 817 F.3d 72, 76 ("[I]f interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full.").

Plaintiffs in *Taylor v. Financial Recovery Services, Inc.* sought to expand on the *Avila* holding. 886 F.3d 212 (2d Cir. 2018). Plaintiffs had received letters stating the "balance due" on debts that *were not* accruing interest or fees. The letters did not clarify that the debts were static. The *Taylor* plaintiffs argued these letters were misleading because they left a consumer uncertain as to whether interest and fees were accruing. *Id.* at 214.

The *Taylor* Court recognized that the problem posed by the letters in *Avila* is not present when debts are static. Unlike the *Avila* plaintiffs, the *Taylor* Court explained, plaintiffs' static debts would be paid in full if they promptly paid the "balance due." *See Taylor*, 886 F.3d at 214 ("[P]rompt payment of the amounts stated in Taylor's and Klein's notices *would* have satisfied their debts."). The Court concluded that a disclosure related to interest and fees is only necessary where interest and fees are in fact accruing. *See id.* at 215 ("[W]e hold that a collection notice

6

that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e.").

In reaching its decision, the *Taylor* court recognized in a footnote that its decision was consistent with the Seventh Circuit's holding in a similar case:

> In so holding, we join the Seventh Circuit, which held: "If the debt collector is trying to collect only the amount due on the date the letter is sent, then he complies with the Act by stating the 'balance' due, stating that the creditor 'has assigned your delinquent account to our agency for collection,' and asking the recipient to remit the balance listed—and stopping there, without talk of the 'current' balance." *Chuway v. Nat'l Action Fin. Serv., Inc.*, 362 F.3d 944, 949 (7th Cir. 2004).

*Taylor*, 886 F.3d at 215 n.1. While the Seventh Circuit in *Chuway* reached the same conclusion about disclosing that a debt is static, it also addressed a more specific set of facts not before the Court in *Taylor*. The collection letter at issue in *Chuway* had stated the recipient's balance, but had then gone on to direct the recipient to call a number "to obtain your most current balance information." *Chuway*, 362 F.3d at 947. The Seventh Circuit's specification that a letter must stop before "talk of the 'current' balance" refers to that telephone direction – not to the general use of the word "current" to describe a balance. *See Bella v. Bureaus Inv. Grp. Portfolio No 15 LLC*, No. 17-CIV-6115 (ENV) (VMS), 2019 WL 2932227, at *6 (E.D.N.Y. Jan. 4, 2019), *report and recommendation adopted sub nom. Bella v. Bureaus Inv. Grp. Portfolio No. 15 LLC*, No. 17-CV-6115 (ENV) (VMS), 2019 WL 2295840 (E.D.N.Y. May 30, 2019) ("Neither *Chuway* nor *Taylor* holds that the use of the word 'current' is automatically misleading, in and of itself; instead, both Courts suggest that debt collection agencies must strive to use clear language in their collection letters.").

1. **No reasonable jury could find that the debts were accruing interest or fees.**

Turning to defendant's motion for summary judgment, the Court finds that plaintiffs have not established that there exists a genuine issue of material fact with respect to whether the debts

were accruing interest or fees when the March 2, 2016, letters were sent. The debts were static when the letters were sent.

As evidence that the debts were static, Midland offers the affidavit of Operations Manager Sean Mulcahy, who testifies that he has reviewed the records of Kidd and Lemoine's debts and determined that they were static when Midland sent the collection letters. (Mulcahy Decl. at 2–4.) Midland also included with Mulcahy's affidavit earlier collection letters to Kidd and Lemoine that listed the same balance due as the March 2, 2016, letters. (*Id.*, Ex. A–D.) These letters are further evidence that Kidd and Lemoine's debts were not accruing interest or fees when the letters at issue were sent.

Kidd and Lemoine assert that Midland has not established the debts were static. (*See* Pl.'s Opp'n to Mot. for Sum. J. at 8.) They offer no contrary evidence – just credibility challenges to the Mulcahy affidavit.[2] Evidence going to witness credibility is insufficient to establish an issue of material fact. *See Modern Home Inst., Inc.*, 513 F.2d at 110. Moreover, Midland separately offers documentation to support Mulcahy's testimony. Given the uncontroverted evidence that the debts were static, this Court find that the debts were static at the time the letters were sent to Kidd and Lemoine. *See Anderson*, 477 U.S. at 248 (holding that a dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

---

[2] Any evidentiary weakness in Kidd and Lemoine's case appears to be self-inflicted. Plaintiffs pled that Kidd and Lemoine's debts were accruing interest and fees when the letter was sent. (Am. Compl. at ¶¶ 40–41, 99–100.) Plaintiffs appear to have survived Midland's motion to dismiss largely on the basis of that pleading. (*See* Trans. Oral Arg. re Mot. to Dismiss at 23 ("[T]he key factor here in terms of the decision is the fact that notwithstanding defendant's position that it's not a reasonable allegation, the complaint does allege that the debt accrued and was subject to interest and late fees.").) Yet, after the motion to dismiss was denied, Kidd and Lemoine sought no discovery to actually establish that the debts were accruing interest or fees – and claimed no discovery was needed in this case. (*See* Trans. of Initial Conf. (Doc. No. 32) at 3–4.) Kidd and Lemoine now claim there are lingering fact issues precluding summary judgment; but in the same breath, they continue to maintain that "no discovery is needed" in this case and that the letters "speak for themselves." (Pl.'s Opp'n to Mot. for Sum. J. at 7.)

### 2. Midland's use of "current balance" was not misleading.

In light of the uncontroverted evidence that Kidd and Lemoine's debts were no longer accruing interest or fees, the remaining question is whether it is misleading to the "least sophisticated consumer" to state the "current balance" of a static debt without explaining that the debt is not accruing interest or fees. *See Clomon*, 988 F.2d at 1319 (describing the least sophisticated consumer test) (citations omitted). The Court concludes that Midland is entitled to judgment as a matter of law on this question.

Both parties claim they are entitled to summary judgment on this question in light of the Second Circuit's holding in *Taylor v. Financial Recovery Services, Inc.*, 886 F.3d 212 (2d Cir. 2018). (Pl.'s Cross Mot. for Sum. J. at 20; Def.'s Mot. for Sum. J. at 9–12.) *Taylor* does control here. Midland sent Kidd and Lemoine letters stating the "current balance" of their static debts without clarifying that the debts were not accruing interest or fees. *Taylor* teaches that no clarification was needed. 886 F.3d at 215 ("[W]e hold that a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e."). Since Kidd and Lemoine's debts were not accruing interest or fees, it was not misleading for Midland to state the "current balance" without mention of interest or fees.

The only potentially relevant difference between Midland's letters and the letters in *Taylor* is that Midland's letters use the term "current balance," while the letters in *Taylor* used "balance due." Kidd and Lemoine assert that this distinction is consequential, arguing that the use of "current" misleadingly implies that the balance is subject to change. (Pl.'s Opp'n to Mot. for Sum. J. at 19.) Plaintiffs and defendant pick apart definitions of "current" in their briefing.

(Def.'s Opp'n to Pl.'s Cross Mot. for Sum. J. (Doc. No. 39) at 9; Pl.'s Opp'n to Mot. for Sum. J. at 19.) Yet their disagreement is rooted in implication, not definition.

It is sometimes true that adding "current" before a word can imply a coming change. For instance, a husband might be surprised to hear his wife call him her "current spouse." Yet in other contexts, "current" may serve to identify the present status of something that has changed in the past. The same husband would likely be less worried by his wife's comment if she were previously married. A statement of a consumer's "current" balance carries no implication about the future where the consumer has had balances in the past. The least sophisticated consumer, understanding that balances have changed in the past, would not conclude from a "current balance" statement alone that interest and fees are accruing.

Other courts in this district and elsewhere have reached this same conclusion. *See, e.g.*, *Bella*, 2019 WL 2932227, at *7 (finding that "collection letter's use of the word 'current' . . . was not misleading"); *Hussain v. Alltran Fin., LP*, No. 17-CV-3571 (ARR) (CP), 2018 WL 1640584, at *3 (E.D.N.Y. Apr. 4, 2018) (dismissing complaint claiming that a statement of "current amount due" for a static debt was misleading); *Koehn v. Delta Outsource Grp., Inc.*, 2018 WL 6590617, at *5 (E.D. Wis. Dec. 14, 2018) (granting motion to dismiss and explaining that "allegations . . . [that] 'current balance' falsely threatens that the current creditor may apply interest or other charges which would increase the balance of the Debt . . . amount to nothing more than a deliberate misreading of the printed language or a fantastic conjecture." (citations omitted) (internal quotation marks omitted)).

Despite the unequivocal holding in *Taylor*, Kidd and Lemoine also repeatedly insist that the plain text of the Second Circuit's decision in *Taylor* requires finding that the term "current balance" is misleading under the FDCPA. To support this argument, Kidd and Lemoine offer

quotations from a footnote in the *Taylor* opinion, omitting the part that clarifies it is a quote from the Seventh Circuit.[3] (*See* Pl.'s Opp'n to Mot. for Sum. J. at 18.) The footnote in full:

> In so holding, we join the Seventh Circuit, which held: "If the debt collector is trying to collect only the amount due on the date the letter is sent, then he complies with the Act by stating the 'balance' due, stating that the creditor 'has assigned your delinquent account to our agency for collection,' and asking the recipient to remit the balance listed—and stopping there, without talk of the 'current' balance." *Chuway v. Nat'l Action Fin. Serv., Inc.*, 362 F.3d 944, 949 (7th Cir. 2004).

*Taylor*, 886 F.3d at 215 n.1.

As other courts in this district have recognized, this quote from *Chuway* is in no way the holding of *Taylor*. *See Bella*, 2019 WL 2932227, at *4–5 (rejecting plaintiff's suggestion that "footnote 1 in *Taylor* 'require[s] courts to find that the use of the words 'current' in a collection letter where the balance is static amounts to a violation of the FDCPA.'"). And even if the Second Circuit had adopted the *Chuway* holding in full, Kidd and Lemoine would be no better off. The "current balance" language at issue in *Chuway* told consumers to call a number in order "to obtain your most current balance information" after a statement of consumers' balance due. *Chuway*, 362 F.3d at 947. It is this "current balance" language that the *Chuway* court admonished debt collectors not to use. Midland's letters included no such language.

Based on this analysis, Midland's letters stating the "current balance" of Kidd and Lemoine's static debts were not misleading under the FDCPA. As such, Midland is entitled to summary judgment on Kidd and Lemoine's FDCPA action, and the Court does not reach Midland's additional argument that any misrepresentation in the letters was immaterial. (Def.'s Mot. for Sum. J. at 12.)

---

[3] Kidd and Lemoine also support this argument by misquoting the Second Circuit's opinion in *Taylor*, writing: "That is because the *Taylor* Court expressly held that that [sic] 'if a collection notice correctly states a consumer's balance **without talk of the current balance,** then the notice will not be misleading within the meaning of Section 1692e.' *Taylor*, 886 F.3d at 215 (emphasis added)." (Pl.'s Opp'n to Def.'s Mot. for Sum. J. at 24–25.) This quotation appears nowhere in the *Taylor* opinion.

11

## CONCLUSION

For the reasons set forth herein, Midland's motion for summary judgment is GRANTED, and Kidd and Lemoine's cross-motion for summary judgment is DENIED. This action is dismissed with prejudice. The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

Dated: Brooklyn, New York
September 27, 2019

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge